1  Robert A. Bleicher (SBN 111334)
   Rebecca H. Benavides (SBN 246201)
2  HOLLAND & KNIGHT LLP
   50 California Street, 28th Floor
3  San Francisco, California 94111
   Telephone: (415) 743-6900
4  Facsimile: (415) 743-6910

5  Attorneys for Plaintiff
   Royal Caribbean Cruises Ltd.

6

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11  ROYAL CARIBBEAN CRUISES LTD.    )    **CASE NO. C 07-02582 CRB**
                                    )
12         Plaintiff,               )    **DECLARATION OF ROBERT A.**
                                    )    **BLEICHER, ESQ. RE NOTICE IN**
13         v.                       )    **SUPPORT OF PLAINTIFF'S *EX PARTE***
                                    )    **APPLICATION FOR THE ISSUANCE OF**
14  NATIONAL BIOFUELS, L.P. and     )    **AN ORDER DIRECTING THE**
    ENAGRA, INC.,                   )    **ISSUANCE OF A WRIT OF MARITIME**
15                                  )    **ATTACHMENT AND GARNISHMENT**
           Defendants.              )
16                                  )
                                    )
17  _____ )

18

19  I, ROBERT A. BLEICHER, declare as follows:

20      1.    I am a partner of the firm of Holland & Knight LLP, counsel for Plaintiff Royal

21  Caribbean Cruises Ltd. ("Plaintiff") in the foregoing action. I am attorney admitted to practice

22  before all the courts of California and admitted to the bar of this Court. I am familiar with the

23  facts of this case, and the information stated herein is based upon my own knowledge and

24  knowledge gained through my work on this matter.

25      2.    This Declaration is offered in support of Plaintiff's application to this Honorable

26  Court seeking an *ex parte* order directing the issuance of a Writ of Maritime Attachment and

27                                        - 1 -




1  Garnishment against the property of the Defendants National Biofuels, L.P. ("NBF") and Enagra,

2  Inc. ("Enagra") that may be located within the Court's jurisdiction.

3       3.       This application is being made *ex parte* due to the unique nature of maritime

4  commerce and the ability for the goods that are the subject of the attachment to be removed from

5  the jurisdiction suddenly. In this particular case, the principal property sought to be attached by

6  Plaintiff is bank accounts ("the Property") alleged to be in the jurisdiction with garnishee(s) Bank

7  of America, N.A.; The Bank of New York; Citibank, N.A.; Deutsche Bank Trust Company

8  Americas; HSBC Bank USA, N.A.; JPMorgan Chase Bank, N.A.; UBS AG; Wachovia Bank,

9  N.A.; Société Générale; Standard Chartered Bank; BNP Paribas; Calyon Investment Bank;

10  American Express Bank; Commerzbank; ABN Amro Bank; Bank Leumi USA; Fortis Financial

11  Groups; Banco Popular; Bank of Tokyo-Mitsubishi UFJ Ltd. or any other financial institution

12  within the Northern District of California, which Property is or could be within the jurisdiction

13  of this Honorable Court for less than one day. Because of the transitory nature of the Property

14  within the jurisdiction of this Honorable Court, it is respectfully submitted that the requested

15  maritime attachment is a classic example of why maritime attachments under Rule B are

16  permitted to be issued without notice and expeditiously.

17       4.       If Defendants NBF and Enagra were to learn in advance that Plaintiff was seeking

18  a writ of maritime attachment, they simply would take steps to ensure that the subject Property

19  would not come into the jurisdiction or, to the extent it is already here, they would cause it to be

20  immediately withdrawn from the jurisdiction or seek to change the titular owner of that Property.

21  The risk of defendants acting together to frustrate and avoid the contract with Plaintiff appears

22  from the fact that NBF and Enagra may have changed ownership for a cargo aboard the M/V

23  FAIRCHEM STEED which is due to be delivered in The Netherlands this week, which

24  ownership change may have prejudiced Plaintiff's right to secure its claims. Given these

25  considerations, it would be easy for NBF and Enagra to frustrate Plaintiff's efforts to secure its

26  claim if NBF and Enagra were given prior notice of Plaintiff's application.

27                                                         - 2 -

DECLARATION OF ROBERT A. BLEICHER                                    Case No. C 07-02582 CRB
28  RE NTC ISO PLAINTIFF'S *EX PARTE* APPLICATION
FOR ISSUANCE OF ORDER DIRECTING ISSUANCE
OF WRIT OF MARITIME ATTACHMENT & GARNISHMENT

5.      Although giving advance notice to Defendants NBF and Enagra would defeat the purpose of the attachment, Defendants NBF and Enagra will be able to take action to attempt to protect their interests promptly after the attachment is executed.  Under the Supplemental Rules for Certain Admiralty and Maritime Claims, at Rule E(4)(f), any party having an interest in the attached property has the right to have a prompt hearing at which they may seek to vacate the attachment.  In this district, Local Admiralty Rule 4-8 provides that such hearing "shall be conducted upon 3 days written notice to plaintiff, unless otherwise ordered."  By giving the Defendant NBF a prompt hearing following the *ex parte* attachment, the Supplemental Admiralty Rules provide a balance between the competing interests at issue.

6.      Although Enagra is apparently a California corporation with an agent for service of process in California, based on my research I do not believe that it is "found" within this district as required by FRCivP Supp B(1) and Local Admiralty Rule 2-3.  According to the California Secretary of State on-line California Business Portal, Enagra became a California corporation on February 2, 2007 and it identified to the State of California that its offices are located at 2475 Hanover Street, Palo Alto, California 94304-1114 (a copy of the Business Portal page is attached as Exhibit 1 hereto.  Yesterday evening I drove to that address, 2475 Hanover Street, Palo Alto.  That building houses the offices of Pillsbury Winthrop Shaw Pittman LLP.  There is no indication at 2475 Hanover that Enagra maintains offices in that building.

7.      This morning, I called directory assistance for the telephone listing of Enagra, Inc.  Directory assistance told me that it has not listing anywhere in California for Enagra, Inc., let alone in Palo Alto or San Francisco.

8.      This morning I also called Pillsbury Winthrop's offices at 2475 Hanover Street in Palo Alto (tel 650.233.4500).  When the receptionist answered the telephone, she stated "Pillsbury Winthrop."  I asked for Enagra and was told that Pillsbury Winthrop does not have any attorneys by that name in that office.  I then asked if there is a business named "Enagra" at 2475 Hanover Street in Palo Alto.  The receptionist said, "not that I know of."

- 3 -

DECLARATION OF ROBERT A. BLEICHER                                    Case No.  C 07-02582 CRB
RE NTC ISO PLAINTIFF'S *EX PARTE* APPLICATION
FOR ISSUANCE OF ORDER DIRECTING ISSUANCE
OF WRIT OF MARITIME ATTACHMENT & GARNISHMENT

1   9.    The bill of lading, attached as Exhibit 4 to the Verified complaint, shows an

2   address for Enagra of 381 Bush Street, Suite 300, San Francisco. Yesterday afternoon I visited

3   that address. Enagra is not listed on the roster of tenants in the small lobby of 381 Bush Street.

4   Rather, the tenant of Suite 300 is "SFSOS INC." I then walked up the stairs to Suite 300. The

5   sign outside the door of Suite 300 states "SFSOS INC." and a sheet of plain white paper is also

6   affixed to the signage with the name "Enagra, Inc." typed on it.

7   10.    Further, the bill of lading gives a telephone number for "Mike Petras" of Enagra

8   with a 650 area code. I live in San Mateo, and 650 is the area code for nearly all of San Mateo

9   County, while 415 is the area code for San Francisco.

10   11.    Accordingly, while Enagra appears to be incorporated in California with an agent

11   for service of process, it apparently has no other indicia of systematic business operations in this

12   jurisdiction or elsewhere in California.

13   I declare under penalty of perjury under the laws of the United States of America and the

14   State of California that the foregoing is true and correct and that I executed this declaration on

15   May 16, 2007, in San Francisco, CA.

Robert A. Bleicher

21   # 4545215_v1

- 4 -

**EXHIBIT 1**

# California Business Portal

Secretary of State DEBRA BOWEN

**DISCLAIMER:** The information displayed here is current as of MAY 11, 2007 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| ENAGRA, INC. | | |
| **Number:** C2966239 | **Date Filed:** 2/2/2007 | **Status:** active |
| **Jurisdiction:** California | | |
| **Address** | | |
| 2475 HANOVER STREET | | |
| PALO ALTO, CA 94304-1114 | | |
| **Agent for Service of Process** | | |
| GKL CORPORATE/S EARCH, INC. | | |
| 915 L STREET ST 1250 | | |
| SACRAMENTO, CA 95814 | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.