1  Robert A. Bleicher (SBN 111334)
   Rebecca H. Benavides (SBN 246201 )
2  HOLLAND & KNIGHT LLP
   50 California Street, 28th Floor
3  San Francisco, California 94111
   Telephone: (415) 743-6900
4  Facsimile: (415) 743-6910

5  Attorneys for Plaintiff
   Royal Caribbean Cruises Ltd.
6

*ORIGINAL FILED*

*07 MAY 17 AM II: 12*

*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

7              UNITED STATES DISTRICT COURT

8              NORTHERN DISTRICT OF CALIFORNIA

9

10  ROYAL CARIBBEAN CRUISES LTD.      )   CASE NO. C 07-02582 CRB
                                      )
11        Plaintiff,                  )   PLAINTIFF'S SUPPLEMENTAL
                                      )   MEMORANDUM OF LAW IN SUPPORT
12        v.                          )   OF AN *EX PARTE* APPLICATION FOR
                                      )   THE ISSUANCE OF AN ORDER
13  NATIONAL BIOFUELS, L.P. and       )   DIRECTING THE ISSUANCE OF A
    ENAGRA INC.,                      )   WRIT OF MARITIME ATTACHMENT
14                                    )   AND GARNISHMENT
          Defendants.                 )
15                                    )   Date:
                                      )   Department:
16                                    )   Time:

17

18              <u>SUPPLEMENTAL LEGAL ANALYSIS</u>

19        As demonstrated by the Supplemental Declaration of Robert A. Bleicher, coupled with

20  the previously filed declarations of Michael Frevola and Robert A. Bleicher, Defendant Enagra

21  Inc. ("Enagra") is not "found" within this district, thus entitling RCL to a writ of attachment

22  under Supplemental Admiralty Rule B.

23        Pursuant to the Court's instruction, Counsel for RCL contacted the Law Offices of

24  Pillsbury, Winthrop on Wednesday afternoon. Pillsbury Winthrop's managing partner of its

25  Silicon Valley office confirmed that Enagra, Inc. *does not* maintain an office at 2475 Hanover

26

- 1 -

1   Street (Pillsbury Winthrop's Silicon Valley address), thus confirming Enagra's misrepresentation

2   to the State of California that its business address is located at 2475 Hanover Street. Bleicher

3   Supplemental Declaration ¶¶ 3-6.

4         Further, today the California Secretary of State advised RCL's counsel that Enagra had

5   failed to file its required Statement of Information (required to be filed within 90 days after filing

6   its Articles of Incorporation), a document that gives the general public the following information:

7   names and addresses of its officers and directors, the address and name for its agent for service

8   of process, and a brief description of the company's business. Bleicher Supplemental Declaration

9   ¶ 6.

10        Thus, RCL is faced with the following about Enagra:  (1) its representation concerning

11   the location of its business offices in this state is untrue; (2) it has not telephone number in this

12   state; (3) it has been in existence in California only since February, 2007; (4) it failed to file its

13   Statement of Information as required by California Corp Code §1502(a); (5) it is intimately

14   connected with defendant NBF by virtue of having a common employee in Michael Petras and

15   having already wired $250,000 from a Citibank Bank account in San Francisco to NBF (funds

16   with have been attached by RCL in the Southern District of New York pursuant to a Rule B); (6)

17   an address  at 381 Bush Street given by Enagra on Bills of Lading (Exhibit 6 to Frevola

18   Declaration) that is suspect at best (Bleicher Declaration ¶6-10).  These facts offer no indication

19   that Enagra is a bona fide corporate presence in this district that would be able to answer a

20   judgment thus set aside RCL's need for security.

21        Whether a business is "found within the district" under the Rule B analysis means more

22   than being subject to in personam jurisdiction.  *See, Integrated Container Service, Inc. v.*

23   *Starlines Container Shipping, Ltd.* 476 F.Sup. 117 (S.D.N.Y. 1979) (the court held that

24   availability of service on the Secretary of State outside the District did not defeat a Rule B

25   attachment.  Further, even though the contract at issue was negotiated in New York, the

26

- 2 -

27   PLAINTIFF'S SUPP. MEMO OF LAW ISO         Case No.  C 07-02582 CRB

28   *EX PARTE* APPLICATION FOR THE ISSUANCE OF AN ORDER
DIRECTING THE ISSUANCE OF A WRIT OF MARITIME
ATTACHMENT AND GARNISHMENT

1    defendants had maintained offices, a telephone connection, and at had employees in New York,

2    and the company continued to be authorized to do business under New York Business

3    Corporation Law, those contacts were *not* sufficient to find that Defendants were "found" within

4    the District).  Until RCL obtained a copy of the bill of Lading and Cargo manifest, Enagra's

5    existence and connection with NBF was completely hidden from NBF.  *Compare, e.g., State of*

6    *Oregon, State Highway Commission v. TUG GO GETTER,* 398 F.2d 893 (9th Cir. 1968);

7    *Seawind Compania S.A. v. Crescent Line, Inc.* 320 F.2d 580 (2nd Cir. 1963).

8           As Judge Leval succinctly explained in *Starline Container Shipping, supra.,*

9

10          ...the fact that a defendant can be subjected to the Court's In personam jurisdiction by
            virtue of the presence of a resident agent for service of process will not suffice to defeat

11          the attachment if the defendant is not otherwise present in the district in the jurisdictional
            sense; nor will the fact that the defendant is present in the jurisdiction sense suffice, if he

12          cannot be found for service of process within the district.  This test amounts to a
            somewhat arbitrary compromise which assumes that the plaintiff will not require the

13          protection of an attachment for security, nor should the defendant be subjected to it, if the
            defendant is present in both senses, and assumes on the *other hand that the plaintiff's*

14          *interest are not adequately protected despite the ability to perfect In personam*
            *jurisdiction if the defendant is not present in both senses.  Id.* at 122 (emphasis added.)

15

16   Here, the putative "presence" of Enagra offers no assurance to RCL that it will be able to satisfy

17   a judgment, the very purpose of the "found" analysis in the Rule B inquiry.  All indications are

18   that Enagra's status in this district is ephemeral, at best.

19          RCL has conducted a reasonable inquiry to determine whether Enagra is "found" within

20   this district.  The answer is "no."  Therefore, RCL respectfully requests that the court issue the

21   Rule B Writ of Attachment.  If Enagra believes there is additional evidence to support its being

22   "found" within this district, it will have the opportunity promptly to present that evidence to the

23   Court within the next three days.  Local Admiralty Rule 4-8; *see Polar Shipping Ltd. v. Oriental*

24   *Shipping Corporation,* 680 F.2d 527 (9th Cir. 1982).

25

26

- 3 -

27   PLAINTIFF'S SUPP. MEMO OF LAW ISO                              Case No.  C 07-02582 CRB
     *EX PARTE* APPLICATION FOR THE ISSUANCE OF AN ORDER
28   DIRECTING THE ISSUANCE OF A WRIT OF MARITIME
     ATTACHMENT AND GARNISHMENT

Date:   May 16, 2007

Respectfully Submitted

HOLLAND & KNIGHT LLP

By: _____

Robert A. Bleicher
Rebecca H. Benavides
Attorneys for Plaintiff Royal Caribbean Cruises
Ltd.

\# 4552358_v1

- 4 -

PLAINTIFF'S SUPP. MEMO OF LAW ISO                          Case No.  C 07-02582 CRB
*EX PARTE* APPLICATION FOR THE ISSUANCE OF AN ORDER
DIRECTING THE ISSUANCE OF A WRIT OF MARITIME
ATTACHMENT AND GARNISHMENT