| | |
|---|---|
| 1 | PILLSBURY WINTHROP SHAW PITTMAN LLP |
| | VERNON H. GRANNEMAN (083532) |
| 2 |    Email: vernon.granneman@pillsburylaw.com |
| | DIANNE L. SWEENEY (187198) |
| 3 |    Email: dianne.sweeney@pillsburylaw.com |
| | 2475 Hanover Street |
| 4 | Palo Alto, CA 94304-1114 |
| | Telephone: (650) 233-4500 |
| 5 | Facsimile: (650) 233-4545 |
| 6 | Attorneys for Defendant |
| | ENAGRA, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| ROYAL CARIBBEAN CRUISES LTD., | ) | Case No. C 07-02582 CRB |
|                 Plaintiff, | ) | **ENAGRA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR A PROMPT POST-ATTACHMENT HEARING AT WHICH PLAINTIFF IS TO SHOW CAUSE WHY THE *EX PARTE* ATTACHMENT AS TO ENAGRA, INC. SHOULD NOT BE VACATED** |
| vs. | ) | |
| NATIONAL BIOFUELS, L.P. and ENAGRA, INC., | ) | |
|                 Defendants. | ) | |
| | ) | Hearing Date: As soon as the Court can schedule a hearing or Tuesday, June 5, 2007 |
| | ) | Time: TBD |
| | ) | Ctrm: 8, 19th Floor |
| | ) | Judge: The Hon. Charles R. Breyer |

700704011v1

Table of Contents

<u>Page</u>

I. SUMMARY OF *EX PARTE* ACTIONS BY PLAINTIFF ROYAL CARIBBEAN CRUISES AND LACK OF SERVICE ON DEFENDANT ENAGRA. ................... 1

II. PRELIMINARY STATEMENT AND FACTUAL BACKGROUND. ..................... 1

III. DISCUSSION. ................................................................................................... 4

    A. Plaintiff's *Ex Parte* Attachment Is Fatally Flawed Because Enagra Can Be "Found" Within This District. ............................................................... 4

    B. Plaintiff's Claim That Defendant Is An *Alter Ego* of NBF Is Unfounded. .......... 6

IV. CONCLUSION. ................................................................................................. 9

1    Defendant Enagra, Inc. ("Enagra") is a third-party improperly joined in this lawsuit.
2 Plaintiff Royal Caribbean Cruises, Ltd. ("RCC") filed this lawsuit seeking immediate *ex parte*
3 maritime attachment for fuel that it allegedly contracted to purchase from Defendant National
4 Biofuels, L.P. ("NBF"). In naming Enagra a defendant and seeking *ex parte* relief against it,
5 RCC has submitted to this Court demonstrably false and misleading declarations. There is
6 absolutely no factual or legal basis for RCC's assertion that Enagra cannot be found within this
7 District or that Enagra is the *alter ego* of NBF. RCC is not entitled to the attachment issued
8 against Enagra because Enagra is a resident of this District. Additionally, there is no likelihood
9 that RCC will succeed on its meritless *alter ego* theory.
10 I.    SUMMARY OF *EX PARTE* ACTIONS BY PLAINTIFF ROYAL CARIBBEAN
11        CRUISES AND LACK OF SERVICE ON DEFENDANT ENAGRA.
12    On May 16, 2007, Plaintiff RCC sought and, shortly thereafter, obtained an *ex parte* writ
13 of maritime attachment under which it has seized Enagra's assets in this District. Docket Entry
14 ("D.E.") 12 (Order), 14 (Writ); Declaration of Michael Petras in Support of Motion to Vacate the
15 Attachment ("Petras Decl."), ¶5. Enagra was not given notice of the action or the *ex parte*
16 proceeding. *Id*. RCC has not yet served Enagra with the complaint or its *ex parte* papers.
17 Although RCC represented to the Court that Enagra would have the opportunity to test the
18 attachment "within the next three days" (D.E. 14, 3:19-24), RCC refused to provide even courtesy
19 copies of its *ex parte* papers to counsel for Enagra when repeatedly asked to do so.[1]
20 II.   PRELIMINARY STATEMENT AND FACTUAL BACKGROUND.
21    Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the
22 Federal Rules of Civil Procedure provide an attachment process as a means to establish *quasi in*
23 *rem* jurisdiction to ensure that defendants located outside of the jurisdiction are compelled to

---

[1] At the time of the request, such papers were also unavailable on Pacer due to RCC's failure to comply with e-filing requirements. D.E. 16 (Clerk's Notice re. Failure to E-file); Declaration of Dianne Sweeney in Support of Motion to Vacate the Attachment ("Sweeney Decl."), ¶ 4 at Ex. C (in response to second request for *ex parte* papers, RCC's counsel (Robert Bleicher) stated "we will provide you with notice as required" by the rules governing the maritime attachment process).

700704011v1

1    appear before the court.  D.E. 6 (RCC's *Ex Parte* Memorandum), 8:6-13 ("where a plaintiff files

2    a maritime claim and a declaration showing that the defendant cannot be found within the district,

3    that plaintiff has satisfied the prerequisites for obtaining an order … and the court should issue

4    the requested order without further inquiry").  Accordingly, an attachment cannot issue when the

5    defendant can be found in the judicial district.[2]  RCC obtained the instant attachment against

6    Enagra by making inaccurate and misleading assertions to the Court that Enagra could not be

7    found in this District.  RCC's alleged pre-filing investigation on which this critical allegation was

8    based was, at best, inadequate.

9           Enagra is, and at all relevant times was, a resident of this District, subject to the personal

10   jurisdiction of this Court and amenable to service of process here.  Enagra is a California

11   corporation owned and managed by Michael Petras, a resident of this District.[3]  Enagra's office

12   and principle place of business is in downtown San Francisco and within this District.  RCC had

13   Enagra's business address and the cell phone number for its CEO (Michael Petras) at the time it

14   sought this attachment.  D.E. 7 (Declaration of Michael Frevola, counsel for RCC), ¶17, Ex. 5

15   (bills of lading showing address and number); D.E. 8 (Declaration of Robert Bleicher, counsel for

16   RCC), ¶¶9-10.  RCC's declarations are silent regarding any attempts to serve Enagra or contact

17   Mr. Petras.  *Id*.  RCC's attempts to spin and contort these facts to suggest that Enagra cannot be

18   found in this District is offensive, particularly since it sought this relief *ex parte*.

19          In addition to the baseless grounds RCC asserted to obtain the attachment against Enagra,

20   RCC's inclusion of Enagra as a defendant in the complaint is likewise without any factual or legal

---

[2]    An attachment is also improper when the court does not have maritime subject matter jurisdiction.  While Enagra does not believe RCC has set forth a valid maritime claim (particularly since it has to bootstrap the baseless *alter ego* claim in its attempt to address the maritime jurisdictional issue), for purposes of this application, Enagra has limited its analysis to the most basic issue:  Enagra is a resident of this District and RCC's attachment must therefore be vacated.  Although not required to defeat the attachment, Enagra has also shown that RCC's *alter ego* claim lacks merit.

[3]    RCC's dismissive declaration concerning the "paper" sign at Enagra's office and the small lobby (D.E. 8 (Declaration of M. Bleicher, counsel for RCC), ¶9) are not well-taken or legally probative.  While Enagra is admittedly a small start up enterprise, it is entitled to no less protection under the law.

1  basis. The verified claim presented by RCC in this action relates to an alleged breach of contract

2  between RCC and Defendant NBF. D.E. 1 (complaint) at Ex. 1. Enagra is not a party to that

3  contract. *Id.* RCC's naked *alter ego* allegation, verified only by RCC's counsel (based only on

4  information and belief), is demonstrably false. Although Enagra's founder, Michael Petras, has a

5  personal minority ownership interest in Defendant NBF, that personal interest does not convert

6  Enagra into an *alter ego* of NBF. Petras Decl., ¶3. Such a result would eviscerate the

7  fundamental principle and presumption that separate corporations are distinct legal entities. NBF

8  has no interest in or control over Enagra. Petras Decl., ¶3. The controlling owner of NBF,

9  Fulcrum Power Services, has no interest in or control over Enagra. *Id.* Enagra maintains its own

10 office and bank account in San Francisco. *Id.* at ¶4. NBF is based in Texas with an office in

11 Houston. *Id.* at ¶7, n.2.

12        Enagra and NBF have an arms length business relationship. Enagra has bought fuel from

13 NBF for resale. Petras Decl., ¶8. Enagra is, after all, a trader of bio-diesel fuel. *Id.* at ¶2. RCC's

14 counsel (again on information and belief) claims that the fuel sale was done without

15 consideration. D.E. 7 (Declaration of Michael Frevola, counsel for RCC), ¶18. Yet again, RCC

16 failed to conduct a reasonable investigation. To date, Enagra has paid NBF over $3 million for

17 the fuel. Petras Decl., ¶8 and Ex. D.

18        RCC's conduct has had a significant negative impact on Enagra. As a start-up company,

19 Enagra does not have the financial wherewithal to tolerate its bank accounts being frozen, manage

20 customers who are concerned about conducting business with Enagra, or withstand the costs of

21 multi-jurisdictional litigation.[4] Petras Decl., ¶10. The harm to Enagra is particularly troublesome

22 in light of the fact that this litigation against Enagra should never have been commenced at all if

23 RCC had conducted a proper pre-filing investigation and gotten its facts straight.

24

25 _____

26 [4]   RCC has commenced litigation in the Central District of California against NBF, has also
      sued both NBF and Enagra in the Southern District of New York and demanded arbitration with
27    NBF and Enagra, again in New York. Indeed, RCC may already have obtained adequate security
      for its claims by attachment of NBF assets.
28

700704011v1                                        3

III.     DISCUSSION.

   A.     Plaintiff's *Ex Parte* Attachment Is Fatally Flawed Because Enagra Can Be "Found" Within This District.

An attachment pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims is valid if, and only if, a party cannot be found within the judicial district where the action is filed. D.E. 6 (RCC's *Ex Parte* Memorandum), 8:3-19. To meet this test, RCC must show that (1) the defendant is not subject to personal jurisdiction in the district; and (2) the defendant is not capable of being served with process there. *State of Oregon State Highway Comm'n v. Tug Go Getter*, 398 F.2d 873, 874 (9th Cir. 1968); *see Limonium Maritime v. Mizushima Marinera*, 961 F. Supp. 600, 606. (S.D.N.Y. 1997).

> A maritime attachment is precluded under Admiralty Rule B(1) only if the defendants have engaged in sufficient activity in the district or the cause of action has sufficient contacts with the district to permit the court to exercise in personam jurisdiction over the defendants, and in addition can be found within the geographical confines of the district for service of process.

*Integrated Container Serv., Inc. v. Starlines Container Shipping, Ltd.*, 476 F. Supp. 119, 122 (S.D.N.Y. 1979). Reversal of the attachment is proper where the plaintiff had actual knowledge, in the form of invoices bearing the name of defendant's managing agent, of the existence of defendant's managing agent within the jurisdiction, and plaintiff made no attempt to contact the agent, who at all times was present within the jurisdiction. *Seawind Compania S.A. v. Crescent Line, Inc.*, 320 F.2d 580, 582 (2d Cir. 1963). *See also Sea Transport Contractors Ltd. v. Industries Chemique du Senegal*, 411 F. Supp. 2d 386, 391 (S.D.N.Y. 2006) (Court has inherent authority to quash writ upon showing of "any improper practice or manifest want of equity on part of plaintiff"); Robert M. Jarvis, *An Introduction to Maritime Attachment Practice Under Rule B,* 20 Journal of Maritime Law and Commerce, No. 4 (October 1989) at 521 (Rule B attachment is available only if the defendant "is not found within the district." "As developed by the courts, a defendant will be considered 'found within the district' in which the plaintiff brings its action if the defendant has sufficient contacts with the district to meet minimum due process standards *and* can be served with process in the district."). Accordingly, an attachment is not authorized when

1  the defendant is subject to personal jurisdiction and can be found in the district for service of

2  process. *Id.* Unlike the defendants in *Integrated Container*, Enagra is subject to the jurisdiction

3  of this Court and process could have been served at Enagra's San Francisco office under section

4  416.10(b) of the California Code of Civil Procedure. Clearly, Enagra can be found within this

5  District and the Rule B writ of attachment must be quashed.

6  It cannot reasonably be disputed that Enagra is subject to personal jurisdiction in this

7  District. *See generally International Shoe Co. v. Washington*, 326 U.S. 310 (1945). Enagra's

8  principal place of business is in San Francisco. Petras Decl., ¶4. Its base of operations is on Bush

9  Street (Petras Decl., ¶4) approximately a mile from this Division's courthouse. Enagra subleases

10 its office space and has occupied the same space since shortly after its incorporation. *Id.* at ¶4

11 and Ex. A (sublease). Enagra has a local bank account in San Francisco and its sole officer and

12 director resides in this judicial district.[5] Petras Decl. ¶¶1, 4. Enagra regularly and systematically

13 conducts significant business within the District and has no other office. Petras Decl. ¶4.

14 The truth of the situation was readily ascertainable if RCC had opted to conduct a proper

15 pre-filing investigation. The declaration of RCC's own counsel demonstrates that RCC had all

16 the necessary information to locate and serve Enagra with process in this District (*e.g.*, Enagra's

17 office address in San Francisco, the phone number of Enagra's principal officer and director, and

18 the identity and location of Enagra's duly appointed California agent for service of process). In

19 order to appear to meet the standards for an *ex parte* maritime attachment, RCC elected to draft

20 and submit incomplete and misleading declarations to this Court. For instance, while RCC notes

21 that it found Enagra's office and the "paper" sign by the door, the declaration is silent as to

22 whether any effort was made to enter the office or even knock on the door. D.E. 8 (Declaration

23 of Robert Bleicher, counsel for RCC), ¶9. RCC certainly never attempted to serve process there.

---

[5] The Court also has discretion to vacate an attachment where, while the attachment may technically conform to the requirements of Rule B, the owner of the property seized is amenable to service of process in a convenient adjacent district or in the same jurisdiction as the attaching party. *Aqua Stoli Shipping Ltd. V. Gardner Smith PTY, Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006). Here, Enagra is also amenable for service of process in an adjacent district through its registered agent for service of process in Sacramento. Petras Decl., ¶4.

RCC had a local phone number for Enagra's president and director Michael Petras, but RCC never called Mr. Petras. Petras Decl., ¶10.[6]

In light of the evidence now before this Court and, in the alternative, based on the information that RCC had at its disposal, it cannot be reasonably disputed that Enagra is present in this District for all purposes and that attachment should be released. *E.g.*, *Katerina Navigation Co. v. United Orient & Atl. Lines*, 2003 AMC 519 (E.D.L.A. 2002) (where plaintiff knew about defendant's office within the jurisdiction and a person was available there for service of process, attachment was properly reversed);[7] *Seawind Compania S.A. v. Crescent Line, Inc.*, 320 F.2d 580, 582 (2d Cir. 1963) (reversal of attachment granted where the plaintiff had actual knowledge, in the form of invoices bearing the name of the managing agent and of the existence of defendant's managing agent within the jurisdiction).

B.  Plaintiff's Claim That Defendant Is An *Alter Ego* of NBF Is Unfounded.

Enagra is not a party to the contract dispute that forms the basis of the Plaintiff's complaint and attachment. D.E. 1 (Complaint), Ex. 1. The conclusory representation of RCC that Enagra is the *alter ego* of the real party at issue, NBF, is unwarranted.

In ascertaining whether a corporation is the *alter ego* of a related corporation, the Ninth Circuit requires that the plaintiff make out a *prima facie* case "(1) that there is such unity of interests and ownership that the separate personalities [of the two entities] no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice." *Doe v.*

---

[6]  RCC also had readily accessible resources to confirm that Enagra is located in this judicial district: it could have contacted Enagra's agent for service of process in Sacramento. Obviously, a reasonably thorough pre-filing investigation would have defeated RCC's own interests in securing this sweeping secret attachment against Enagra, so one was not conducted. RCC's misconduct should not be rewarded.

[7]  The *Katerina* court also noted that the Federal Rules of Civil Procedure permits service of process according to state law. Service of process for a corporation in California is governed by Cal. Code Civ. Proc. §416.10. Service can properly be delivered to (a) an assigned agent for service of process; (b) the president, or other head of the corporation, vice presidents, secretaries, treasurers, comptrollers, general managers, or persons so authorized by the corporation; (c) if a bank, a cashier; or (d) those authorized by Cal. Corp. Code §§1701, 1702, 2110, or 2111 (all defining authorized agents). Here, RCC could have served either Mr. Petras or Enagra's managing employee at Enagra's San Francisco office. Petras Decl., ¶4.

1  *Unocal Corporation*, 248 F.3d 915, 926 (9th Cir. 2001) (citing *American Telephone & Telegraph
2  Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 591 (9th Cir. 1996)).  The plaintiff also must
3  show that "the parent exercises such control over the subsidiary so as to render the latter the mere
4  instrumentality of the former. *Harris Rutsky & Co. Insurance Services, Inc. v. Bell & Clements
5  Limited*, 328 F.3d 1122, 1135 (9th Cir. 2003).  In addition, "corporate separateness is respected
6  unless to do so would work injustice upon innocent third parties." *Edwin K. Williams & Co. v.
7  Edwin K. Williams & Co. East*, 542 F.2d 1053, 1063 (9th Cir. 1976).  While this is a fact-
8  intensive analysis, courts have developed various checklists of relevant questions that have been
9  summarized as follows:

> (1) whether the transactions, employees, and accounts of the two corporations were intermingled;
>
> (2) whether the corporations disregarded the procedural formalities of separateness;
>
> (3) whether the two corporations represented themselves to the public as one;
>
> (4) whether the later-formed corporation was adequately financed;
>
> (5) whether the later-formed corporation acted not for its own benefit but for the benefit of the first-formed corporation; *and*
>
> (6) other factors, such as whether the two corporations have common stock ownership and common officers and directors.

18  *Id*. (emphasis added)
19       Applying this multi-factor analysis, the evidence shows that Defendant Enagra is not the
20  *alter ego* of Defendant NBF.  First, there is a formal separateness between the two corporations.
21  Defendant NBF and Defendant Enagra are controlled by different entities and directors.  Petras
22  Decl., ¶¶3, 9.  Defendant NBF is controlled by its member, Fulcrum Power Services.  Petras
23  Decl., ¶3.  Defendant Enagra is controlled by its director, Michael Petras.  Petras Decl., ¶2.
24       Plaintiff contends that because Michael Petras is both a director of NBF and is the director
25  of Enagra and made a payment to NBF, it appears "likely" that the entities are *alter egos*.  D.E. 6
26  (*Ex Parte* Memorandum), 6:3-12.  While it is not disputed that Michael Petras is a limited partner
27  of NBF and Enagra has bought (and paid for) fuel from NBF, this does not automatically

1 constitute *alter ego* status between *Enagra* and NBF.  Interlocking officers and directors are
2 patently insufficient to establish *alter ego* status. *Hoffman-LaRoche Ltd. v. Superior Court*, 130
3 Cal. App. 4th 782, 797-98 (2003).  The *alter ego* test is about control and NBF is largely
4 controlled by NBF LLC and its managing member, Fulcrum Power Services.  Petras Decl., ¶3.
5 Enagra has no ownership in or control over NBF, NBF LLC or Fulcrum.  *Id.*   NBF and the
6 entities that own/manage NBF have no management, control or interest in Enagra.  Petras Decl.,
7 ¶3.  Similarly, at no time has Enagra represented itself to the public as the same entity as NBF.
8 Petras Decl., ¶9.  Nor has there been any intermingling of funds between the two corporations.
9 *Id.*  No authority supports the finding of an *alter ego* relationship in these circumstances.  Even
10 where a parent company reviewed and approved major decisions, placed several of its directors
11 on the subsidiary's board, and was closely involved in the subsidiary's pricing decisions, no *alter*
12 *ego* relationship was found. *Kramer Motors, Inc. v. British Leyland, Ltd.*, 628 F.2d 1175, 1177
13 (9th Cir. 1980).  Similarly, no *alter ego* liability even exists where there was "blurring of
14 corporate separateness in language of annual report, overlap of boards of directors, parental
15 approval of large capital expenditures, and parental guaranty of third-party loans to subsidiary."
16 *Unocal*, 248 F.3d at 927 (referencing *Akzona, Inc. v. E.I. Du Pont De Nemours and Co.*, 607 F.
17 Supp. 227, 238 (D. Del. 1984)).  Plaintiff's *alter ego* allegations must fail as a matter of law.
18          In addition, the clearly arms length nature of the transaction between NBF and Enagra and
19 the fact that it is fully supported by consideration defeats RCC's entire claim.  Petras Decl., ¶8.
20 Enagra's and NBF's fuel transactions have been conducted at prevailing market prices.  Petras
21 Decl., ¶8.  To date, Enagra has paid NBF in excess of $3 million for the fuel at issue in RCC's
22 Complaint.  Petras Decl., ¶8 and Ex. D (payment records).  Enagra has also transacted numerous
23 other deals with third parties who have no affiliation with NBF; and NBF has received no benefits
24 from these transactions.  Petras Decl., ¶9.  Yet, all of Enagra's proceeds have been subjected to
25 RCC's *ex parte* seizure.  *Id.* at ¶10.
26          Finally, NBF and Enagra do not share the same office space.  NBF maintains its office in
27 Houston, while Enagra maintains its own office in San Francisco.  Petras Decl., ¶¶4, 7.  It should
28

1  be noted that paragraph 17 of RCC's counsel's declaration suggesting that Enagra and NBF use

2  the same office in Texas fails to disclose that the Bills of Lading for that same transaction state

3  Enagra's physical address on Bush Street in San Francisco.  D.E. 7 (Declaration of Michael

4  Frevola, counsel for RCC), ¶17 and Ex. 5.

5        Enagra is not the *alter ego* of Defendant NBF.  RCC's contrary allegations, based on its

6  attorneys' information and belief rather than evidence, do not justify its contention that Enagra is

7  NBF's *alter ego* and holding a $7 million attachment over Enagra's business.  It was improper for

8  RCC to name Enagra as a defendant in this action and it will not prevail on the merits of these

9  allegations.[8]

10  IV.    CONCLUSION.

11        The attachment should be vacated because Enagra can be found in this District, is subject

12  to *in personam* jurisdiction and can be served with process here.  Furthermore, RCC cannot meet

13  its burden of proof to the contrary or that it has any colorable likelihood of ultimate success on

14  the merits of its *alter ego* claims.  For the foregoing reasons, Enagra respectfully requests that the

15  Court immediately vacate the *ex parte* orders in this matter.

16

17  Dated:  May 31, 2007

                                PILLSBURY WINTHROP SHAW PITTMAN LLP

18

19

20                                  By  /s/ Dianne L. Sweeney
                                    Dianne L. Sweeney
                                    Attorneys for Defendant

21                                      ENAGRA INC.

22

23

24

---

[8] Indeed, were it not for the urgency of this matter and the immediate harm to Enagra caused by RCC's *ex parte* attachment, service of a Fed. R. Civ. P. 11 motion would appear entirely in order here but for the 30 day "safe harbor" and the lack of immediate relief available under that Rule.

700704011v1                                   9