PILLSBURY WINTHROP SHAW PITTMAN LLP
VERNON H. GRANNEMAN (083532)
　　Email: vernon.granneman@pillsburylaw.com
DIANNE L. SWEENEY (187198)
　　Email: dianne.sweeney@pillsburylaw.com
2475 Hanover Street
Palo Alto, CA 94304-1114
Telephone: (650) 233-4500
Facsimile: (650) 233-4545

Attorneys for Defendant
ENAGRA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROYAL CARIBBEAN CRUISES LTD., <br><br>　　　　　　　　　　Plaintiff, <br><br>　vs. <br><br> NATIONAL BIOFUELS, L.P. and ENAGRA, INC., <br><br>　　　　　　　　　　Defendants. | Case No. C 07-02582 CRB <br><br> **ENAGRA'S REPLY TO RCC'S OPPOSITION TO THE MOTION FOR A PROMPT POST-ATTACHMENT HEARING AT WHICH PLAINTIFF IS TO SHOW CAUSE WHY THE *EX PARTE* ATTACHMENT AS TO ENAGRA, INC. SHOULD NOT BE VACATED** <br><br> Hearing Date: June 5, 2007 <br> Time: 10:00 a.m. <br> Ctrm: 8, 19th Floor <br> Judge: The Hon. Charles R. Breyer |

700706136v1

1  The purpose of an adversary hearing is for the plaintiff, in this case Royal Caribbean Cruises, Ltd. ("RCC"), to present evidence why its attachment should not be vacated. Rather than meeting its affirmative burden, and likely because it cannot, RCC's opposition tries to foist this disastrous attachment on Enagra. At best, RCC has only proven that its pre-filing investigation was wholly inadequate.

There is a simple issue that RCC attempts to bury in its papers: Enagra's base of operations is in San Francisco and it can be found and served at its Bush Street address. RCC admits that *prior* to the attachment, RCC's counsel knew about Enagra's office on Bush Street and RCC's new declaration does not contest the fact that RCC never attempted to knock at Enagra's door. Likewise and *prior* to that attachment, RCC's counsel had a phone number for Michael Petras, Chief Executive Officer of Enagra, from the bills of lading that RCC obtained, but RCC opted not to place a call (and now claims it had no obligation to call the phone number of Enagra's Chief Executive Officer) (Opp. 10:22-23)).

The duties concurrent with a pre-filing investigation are to determine the truth. RCC stunning position that it had no obligation to knock on Enagra's door or make a phone call flies in the face of its obligations. In an attempt to find a defendant in a district, there are few things more instructive than attempts made to contact the owner of the company or visit its place of business. A standard evidentiary showing for proof of service by publication requires a demonstration that a process server has diligently attempted service on many occasions, searched for phone numbers and exhausted all available information. It is undisputed that RCC did not even take these basic steps. RCC had the information but ignored it to obtain an attachment *ex parte*. There is no reasonable justification for RCC's failure to take these *de minimus* measures.

RCC's result-driven investigation is not evidence that Enagra cannot be found in the district. Enagra admittedly does not have all the bells and whistles of a company like RCC, but simply because Enagra does not have what RCC deems to be a "proper sign" (RCC Opp. at 11:21) and has a type of phone that is not listed in what RCC considers to be an "authoritative"

1  directory does not mean that Enagra does not exist in this judicial district or should be denied due
2  process.

3  By any objective standard, Enagra is present in this judicial district. Enagra has been
4  greatly harmed by RCC actions. Enagra has lost control over its bank accounts, been unable to
5  conduct business in the ordinary course, and been denied access to approximately $38,000 of its
6  operating funds. RCC's unfettered arrogance in conducting this matter without taking sufficient
7  time to consider the damage it would cause to a small company like Enagra is deplorable.

8  I.  RCC'S CLAIM THAT THIS MOTION IS PREMATURE IS WRONG.

9  RCC obtained a $7,000,000 attachment against Enagra, refused to deliver *ex parte* papers
10 to Enagra's counsel and now amazingly claims that this motion is untimely and was designed to
11 inconvenience RCC's counsel.[1] Enagra's bank account is frozen and, to date, $38,000 of
12 Enagra's funds have been seized and taken from its account. Petras Decl. ¶ 10; Supp. Decl.
13 Petras ¶ 6 and Exs. C-D. There is no authority to support RCC's claim that RCC must have
14 notice before Enagra can proceed to release this attachment. Once Petras learned Enagra's
15 property was seized, this hearing was ripe.

16 II.  SUMMARY OF FACTS SHOWING ENAGRA IS IN THIS DISTRICT.

17 Enagra is, and at all relevant times was, a resident of this District, subject to the personal
18 jurisdiction of this Court and amenable to service of process here. The following summarize the
19 evidence before this Court:

20 • Enagra is a California corporation owned and managed by Michael Petras, a
21 resident of this District. Petras Decl. ¶¶ 1, 4.

22 • Enagra's office and principle place of business is in downtown San Francisco and
23 within this District. Petras Decl. ¶ 4.

---

[1] Notwithstanding the refusal of RCC's counsel to provide courtesy copies of *ex parte* papers, when counsel for RCC asked counsel for Enagra to move the hearing date due to a family event, counsel for Enagra agreed to a hearing any time on Monday or Tuesday and would check regarding Wednesday morning (before Mr. Petras was flying out of state). RCC's counsel stated that the time set by the Court was agreeable. This motion would have been filed and set at an earlier date if counsel would have provided Enagra with the courtesy copies of the *ex parte* materials.

1  • Enagra has subleased its office space in San Francisco since shortly after it was
2     incorporated in February 2007. Petras Decl. ¶ 4 and Ex. A (sublease); Supp. Decl.
3     Petras ¶ 5 (Ex. B).

4  • Enagra's sublease is with SOS and was effective as of February 4, 2007. Petras
5     Decl. ¶ 4 and Ex. A (sublease).

6  • Enagra has a bank account in San Francisco and its bank, Citibank, sends bank
7     statements to Enagra's office on Bush Street. Petras Decl. ¶ 4; Supp. Decl. Petras
8     ¶3, Ex. A (March 2007 and April 2007 Banking Statements).

9  • RCC found Enagra's bank account in San Francisco and had $38,000 of Enagra's
10    funds attached. Supp. Decl. Petras ¶6, Ex. 6 (notice from Citibank re. attachment).

11 • Enagra's Chief Executive Officer presented declarations establishing that Enagra
12    is doing business with various parties, including defendant NBF. Petras Decl. ¶ 4.

13 • Enagra's lease, banking records, bills of lading (attached to RCC's papers)[2] and
14    the declaration of Mr. Petras all confirm that Enagra has, at all relevant times, been
15    present in this judicial district. Petras Decl. ¶4, Ex. A (sublease); Supp. Decl.
16    Petras ¶¶ 2-5.[3]

17 • Enagra has no other office. Supp. Decl. Petras ¶ 2.

18    RCC's attempt to dispute Enagra's presence by creating an issue as Enagra's filing with
19 the California Secretary of State (*i.e.*, listing the address of its corporate counsel as opposed to
20 Bush Street) is a red herring. For a start-up company, the use of its counsel's address for
21 incorporation records is a standard practice. Declaration of Allison Leopold-Tilley (filed
22 herewith), ¶3.; Petras Decl. ¶4. Indeed, based on a search of corporate records held by the
23 Secretary of State, there are multiple businesses that list their business address at the same
24 addressed listed by Holland & Knight LLP in this matter. Sweeney Decl. ¶¶2-6, Exs. A-E (a

---

[2] D.E. 7 (Declaration of Michael Frevola, counsel for RCC), ¶17 and Ex. 5.

[3] For *in camera* inspection, Enagra will also make other business documents available to the Court, but has not attached such documents to its pleadings as there is no protective order in this case.

1  sample of recently formed entities that list their business address with the California Secretary of
2  State at the same address listed for Holland & Knight in San Francisco).

3      RCC admits the very facts that supports Enagra's motion: it had actual knowledge of Mr.
4  Petras' identity and the location of Enagra's business but it elected not to continue its
5  investigation. A reversal of the attachment is proper where the plaintiff had actual knowledge, in
6  the form of invoices bearing the name of defendant's managing agent, of the existence of
7  defendant's managing agent within the jurisdiction, and plaintiff made no attempt to contact the
8  agent, who at all times was present within the jurisdiction. *Seawind Compania S.A. v. Crescent*
9  *Line, Inc.*, 320 F.2d 580, 582 (2d Cir. 1963). *See Sea Transport Contractors Ltd. v. Industries*
10 *Chemique du Senegal*, 411 F. Supp. 2d 386, 391 (S.D.N.Y. 2006) (Court has inherent authority to
11 quash writ upon showing of "any improper practice or manifest want of equity on part of
12 plaintiff") (internal quotation omitted).

13     III.    <u>RCC HAS NOT SHOWN THAT IT WILL PREVAIL ON THE MERITS OF ITS
14           ALTER EGO CLAIM.</u>

15     RCC is correct that the issue of whether Enagra is an alter ego of defendant NBF does not
16 need to be decided at this junction. Whether RCC has adequately pled its claims, including
17 admiralty jurisdiction as to Enagra, can be determined at a later date. While RCC appears to be in
18 no rush to resolve this case, Enagra is subject to a $7,000,000 writ of attachment that may very
19 well destroy its business. The purpose of demonstrating the feeble nature of RCC's alter ego
20 claim is to demonstrate that all equities weigh in favor of releasing Enagra from this attachment.
21 The attachment, based on declarations of RCC's counsel alone, has summarily halted all usual
22 business for Enagra. As a result of this attachment, Enagra has lost at least one business deal and
23 has no ability to conduct any sales transactions. This is not a situation that a young company can
24 tolerate and Enagra respectfully requests that the attachment be vacated.

25
26
27
28

700706136v1                            4

IV. CONCLUSION.

The attachment should be vacated because Enagra can be found in this District, is subject to *in personam* jurisdiction and can be served with process here. Enagra respectfully requests that the Court immediately vacate the *ex parte* orders in this matter.

Dated: June 4, 2007

PILLSBURY WINTHROP SHAW PITTMAN LLP

By _____
Dianne L. Sweeney
Attorneys for Defendant
ENAGRA INC.

700706136v1

5

ENAGRA'S REPLY RE. RCC'S OPPOSITION TO THE MOTION
FOR A PROMPT POST-ATTACHMENT HEARING
Case No. C 07-02582 CRB