PILLSBURY WINTHROP SHAW PITTMAN LLP
VERNON H. GRANNEMAN (083532)
   Email: vernon.granneman@pillsburylaw.com
DIANNE L. SWEENEY (187198)
   Email: dianne.sweeney@pillsburylaw.com
2475 Hanover Street
Palo Alto, CA 94304-1114
Telephone: (650) 233-4500
Facsimile: (650) 233-4545

Attorneys for Defendant
Enagra, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROYAL CARIBBEAN CRUISES LTD., | Case No. C 07-02582 CRB |
| Plaintiff, | **ENAGRA'S ANSWER TO ROYAL CARIBBEAN CRUISES LTD.'S VERIFIED COMPLAINT;** |
| vs. | |
| NATIONAL BIOFUELS, L.P. and ENAGRA, INC., | **ENAGRA'S COUNTERCLAIM; DEMAND FOR JURY TRIAL** |
| Defendants. | |
| ENAGRA, INC., | |
| Cross-Complainant, | |
| vs. | |
| ROYAL CARIBBEAN CRUISES LTD., | |
| Cross-Defendant. | |

Defendant ENAGRA, INC. ("Enagra") hereby answers the Complaint filed by ROYAL CARIBBEAN CRUISES LTD. ("RCC") and submits its counterclaims against RCC as follows:

**ANSWER**

**JURISDICTION AND PARTIES**

1. Enagra specifically denies that, as to Enagra, this is a case within the admiralty and maritime jurisdiction of this Court or a maritime claim within the meaning or Fed. R. Civ. P. 9(h).

2. Answering Paragraph 2, Enagra is informed and believes, and on that basis, admits that the allegations of this paragraph are true.

3. Answering Paragraph 3, Enagra is informed and believes, and on that basis, admits that the allegations of this paragraph are true.

4. Answering Paragraph 4, Enagra admits that it is a corporation organized and existing under the laws of California. Except as so admitted, Enagra specifically denies each and every other allegation of Paragraph 4. To the extent Paragraph 4 alleges legal conclusions, no response is required.

5.–7. Answering Paragraphs 5-7, Enagra is without sufficient information to either admit or deny these allegations and on that basis denies those allegations. Exhibit 1 speaks for itself, requires proper foundational support, and does not require a response from Enagra.

8. Answering Paragraph 8, Enagra is without sufficient information to either admit or deny the allegation of the first sentence of this paragraph. As to the second sentence of this paragraph, Enagra specifically denies each and every other allegation.

9-12. Answering Paragraphs 9-12, Enagra is without sufficient information to either admit or deny these allegations and on that basis denies those allegations.

13. Answering Paragraph 13, Enagra specifically denies the allegation that it cannot be found within the Northern District of California. Enagra admits that it has assets located within this District. As to the remainder of the allegations of this paragraph, Enagra is without sufficient information to either admit or deny these allegations and on that basis denies those allegations.

14. Answering Paragraph 14, Enagra admits that it is based in San Francisco and has a bank account in San Francisco. Enagra further admits that it purchased fuel from National Biofuels LP ("NBF") and has paid monies, and will pay further monies, to NBF in connection

1  with that purchase.  To the extent that this paragraph alleges that there was anything illegal or
2  improper in these arms-length commercial transactions, Enagra specifically denies such
3  allegation(s).  Except as so admitted, Enagra is without sufficient information to either admit or
4  deny these allegations and on that basis denies those allegations.

5       15.    Answering Paragraph 15, this paragraph is an allegation of law rather than fact
6  and, as such, requires no response.  To the extent a response is deemed required, Enagra denies
7  the allegations of Paragraph 15.

8                                      **COUNT I**

9       16.    Enagra incorporates by reference its responses to Paragraphs 1 through 15 of
10 RCC's Complaint.

11      17-25. Answering Paragraphs 17-25, Enagra is without sufficient information to either
12 admit or deny these allegations and on that basis denies those allegations.  Exhibits 2 and 3 speak
13 for themselves, require proper foundational support, and do not require a response from Enagra.

14      26.    Answering Paragraph 26, Enagra admits that it purchased and paid for certain fuel
15 from NBF, and in turn sold that fuel to ED&F.  Enagra further admits that ED&F paid Enagra for
16 the fuel Enagra purchased from NBF.  To the extent that this paragraph alleges, suggests or
17 implies that there was anything illegal or improper in these arms-length commercial transactions,
18 Enagra specifically denies such allegation(s).  Except as admitted, Enagra is without sufficient
19 information to either admit or deny these allegations and on that basis denies those allegations.

20      27.    Answering Paragraph 27, Enagra denies Plaintiff's characterization of the
21 documents attached as Exhibits 4-5 to the Complaint.  Those exhibits speak for themselves,
22 require proper foundational support, and do not require a response from Enagra.  Enagra further
23 denies that those documents are complete or accurately reflect the transaction in question.  Enagra
24 denies Plaintiff's characterization of Exhibit 6 (which appears to lists two separate entities that
25 are not parties to this action), and further denies that Exhibit 6 indicates or evinces that Michael
26 Petras is a director of Co-Defendant NBF.

27
28

28. Answering Paragraph 28, Enagra admits that it purchased and paid for certain fuel from NBF. Enagra further admits that after purchasing the fuel in question from NBF, Enagra sold it. To the extent that this paragraph alleges, suggests or implies that there was anything illegal or improper in these arms-length commercial transactions, Enagra specifically denies such allegation(s). Except as so admitted, Enagra specifically denies each and every other allegation of this paragraph.

29. Answering Paragraph 29, Enagra is without sufficient information to either admit or deny these allegations and on that basis denies those allegations.

30. Answering Paragraph 30, this paragraph is an allegation of law rather than fact and, as such, requires no response. To the extent a response is deemed required, Enagra denies the allegations of Paragraph 30.

31. Answering Paragraph 31, Enagra denies that it is the alter ego of NBF and denies that it has any liability to RCC under any theory of fact or law.

**COUNT II**

32. Enagra incorporates by reference its responses to Paragraphs 1 through 31 of RCC's Complaint.

33. Answering Paragraph 33, Enagra is without sufficient information to either admit or deny these allegations and on that basis denies those allegations.

34. Answering Paragraph 34, Enagra is without sufficient information to either admit or deny these allegations and on that basis denies those allegations.

35. Answering Paragraph 35, Enagra denies that it is the alter ego of NBF and denies that it has any liability to RCC under any theory of fact or law. As to any other allegation addressed to Enagra, Enagra denies each and every allegation of this paragraph as without any factual basis or legal justification.

**COUNT III**

36. Answering Paragraph 36, Enagra incorporates by reference its responses to Paragraphs 1 through 35 of RCC's Complaint.

1   37.-39. Answering Paragraphs 37-39, Enagra is not a party to the contract alleged in these paragraphs. Enagra is without sufficient information to either admit or deny these allegations and on that basis denies those allegations.

40. Answering Paragraphs 40, Enagra denies that it is the alter ego of NBF and denies that it has any liability to RCC under any theory of fact or law. As to any other allegation addressed to Enagra, Enagra denies each and every allegation of this paragraph as without any factual basis or legal justification.

## DEFENSES

### FIRST AFFIRMATIVE DEFENSE
**(Failure to do Equity)**

RCC cannot obtain the relief it seeks under its Complaint because it failed to do equity in the matters alleged in the Complaint. RCC's inequitable acts, include, but are not limited to, seeking and obtaining an improper *ex parte* writ of attachment and garnishment on misleading grounds, and commencing and prosecuting this action in bad faith and for an improper purpose.

### SECOND AFFIRMATIVE DEFENSE
**(Unclean Hands)**

RCC's Complaint is barred by the doctrine of unclean hands because RCC has engaged in improper conduct that relates to the relief RCC seeks of Enagra.

### THIRD AFFIRMATIVE DEFENSE
**(Failure to Mitigate Damages)**

Any recovery by RCC must be diminished or barred because RCC has failed to mitigate or attempt to mitigate its alleged damages, if in fact any damages have been or will be sustained.

### FOURTH AFFIRMATIVE DEFENSE
**(Lack of Causation)**

The losses, damages and/or injuries alleged by RCC, if any, were proximately caused by the fault of persons or entities other than Enagra.

**FIFTH AFFIRMATIVE DEFENSE**

**(Reservation of Defenses)**

Enagra has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, separate defenses available. Accordingly, Enagra reserves the right to assert additional separate defenses in the event discovery indicates they would be appropriate.

WHEREFORE, Enagra prays for judgment as follows:

(a) Judgment be entered in favor of Enagra and against Plaintiff, and that the Complaint be dismissed in its entirety with prejudice;

(b) Plaintiff be awarded nothing by way of its Complaint;

(c) Judgment be entered in favor of Enagra as to all claims contained in its Counterclaim, filed herewith, and against Plaintiff;

(d) Enagra be awarded the cost of defending against this suit, including reasonable attorneys' fees and other disbursements; and

(e) Such other and further relief as the Court deems just and proper.

**COUNTERCLAIM**

**JURISDICTION AND VENUE**

1. These are compulsory counterclaims arising out of the same transactions and occurrences that are set forth in RCC's Complaint in this matter. If personal jurisdiction and venue are proper with respect to the Complaint, then they are proper with respect to these counterclaims.

2. This Court has jurisdiction over the subject matter of this counterclaim based upon diversity of citizenship and amount in controversy as required by 28 U.S.C. § 1332(a)(2). In addition, this Court has subject matter jurisdiction over Enagra's Lanham Act claim pursuant to 28 U.S.C. §1331. Supplemental jurisdiction over the other claims for relief is provided by 28 U.S.C. §1367(a).

# THE FACTS

## The Parties

3. Enagra, a California-based company, is a start-up company in the biodiesel fuel industry. Enagra is based in San Francisco, California.

4. Enagra is informed and believes and on that basis alleges that Plaintiff and Counter-Defendant RCC is an international cruise company, formed under the laws of Liberia, operating more than 30 cruise ships under several different brands.

## The Meritless Maritime Attachment

5. In or about mid-May 2007, RCC sought and obtained an *ex parte* writ of attachment in excess of $7,000,000 on the basis of a legally inadequate pre-filing investigation. The attachment was levied on many financial institutions in San Francisco, including the bank where Enagra maintains its account.

6. After RCC repeatedly refused to provide Enagra's counsel with copies of the *ex parte* attachment papers, Enagra obtained a copy of the pleadings from the Court and, on May 31, 2007, filed a motion for a prompt hearing at which RCC was to show cause why the attachment as to Enagra should not be vacated.

7. RCC could not make the necessary showing and, on June 5, 2007, this Court vacated the attachment. RCC's counsel admitted that, prior to asking the Court to issue the writ, RCC had the address for Enagra's office in San Francisco and had a contact phone number for Enagra's Michael Petras. Mr. Petras is the Chief Executive Officer of Enagra. RCC further admitted that (although it found Enagra's office in San Francisco) it did not attempt to knock on Enagra's office door or call the phone number of Enagra's Chief Executive Officer. Rather, it claimed it had no obligation to do so. RCC's pre-filing investigation was wholly inadequate and a contrivance. RCC knew that Enagra could be found in this judicial district and further knew that a writ would not issue against Enagra if RCC located the company in this judicial district. Nonetheless, RCC improperly proceeded to obtain a writ that caused and continues to cause great violence to Enagra's business and reputation.

8.      On information and belief, RCC has also commenced, but not served, legal proceedings against Enagra in the United States District Court for the Southern District of New York, which proceedings essentially duplicate the allegations made by RCC in this matter.

9.      In addition, RCC has demanded that Enagra participate in an arbitration which on information and belief RCC has also commenced in New York, despite the fact that Enagra is not party to any contract with RCC and has no obligation or duty to arbitrate.

10.     On June 6, 2007—one day after this Court vacated the *ex parte* writ RCC obtained—RCC amended its complaint in the United States District Court for the Central District of California (Los Angeles Division) to name Enagra as an additional defendant.

11.     As Enagra explained to this Court in its motion to vacate RCC's *ex parte* attachment and during the related hearing, the sole basis of RCC's Complaint against Enagra is that the latter is the alter ego of Defendant NBF.  That allegation is without merit.  Enagra is not a party to the contract that is the genesis of RCC's dispute with NBF, and RCC's continued attempts to force Enagra to participate in the litigation in this district, New York and Los Angeles, and in an arbitration in New York, all without legal or factual justification is improper.

**RCC's Publication of the Meritless Dispute**

12.     Enagra is informed and believes that RCC has provided false and misleading statements about Enagra to the public, including persons within the biofuel industry.  Enagra is informed and believes that RCC has participated in, encouraged and/or otherwise supported publication of the dispute to industry journals, including *Tradewinds* and *Fairplay*.

13.     Enagra is informed and believes that RCC's Michael McNamara has told persons within the industry that the fuel at issue in this matter was stolen.  In light of RCC's false and misleading statements to the public and this Court, Enagra's reputation in the industry has been questioned and its goodwill has been harmed.

14.     Enagra has received communications from customers and business contacts concerned about the litigation, the financial impact of the litigation on Enagra and its banking

relationship as well as questions about whether any fuel transferred or funds paid to Enagra would be seized by RCC.

15. RCC's statements and/or communications with industry publications are false and/or misleading, not in the ordinary course of business, and are not protected under the litigation privilege. RCC's improper conduct in the marketplace is an abuse of process, an unfair and deceptive trade practice, unfair competition and a tactic intentionally meant to inflict substantial harm on Enagra.

16. To date, RCC's conduct in the marketplace and in this litigation has resulted in substantial economic harm to Enagra, including but not limited to, the loss of access to and use of its funds at a crucial period in its business, the loss of at least two business deals that Enagra had in place and Enagra is informed and believes that this wanton conduct on the part of RCC has caused permanent harm to at least one of Enagra's business relationships.

**FIRST CLAIM**

**(Declaratory Relief)**

17. Enagra incorporates Paragraphs 5 through 16 of its counterclaims as if fully set forth herein.

18. An actual controversy exists relating to the legal rights and duties of Enagra in connection with a contract entered into by RCC and Defendant NBF. Enagra is not a party to the agreement and RCC now alleges that Enagra is the alter ego of NBF. Enagra is a separate company that is not managed or controlled by NBF. Enagra is therefore entitled to a declaration that it is not a party to the RCC/NBF agreement and has no liability for any alleged breach of that agreement. On the other hand, Enagra is informed and believes, and on that basis alleges, that RCC contends (a) Enagra and NBF are jointly liable for the alleged breach of the agreement as they are alter egos of the other, and (b) RCC is entitled to damages.

19. Enagra requests a declaration of all parties to the contract, including a determination that Enagra is not a party to the contract, not NBF's alter ego, and has no obligation or liability under the contract between RCC and NBF.

**SECOND CLAIM**

**(Abuse of Process)**

20. Enagra incorporates Paragraphs 5 through 19 of its counterclaims as if fully set forth herein.

21. RCC had an ulterior purpose for, among other things, seeking an *ex parte* writ of attachment against Enagra. RCC's motive was to embarrass, harass and gain an unfair collateral advantage over Enagra.

22. RCC willfully took action to further its ulterior purpose, making false and/or misleading statements to the Court in its initial pleadings, motion papers and declarations, at the hearings on Enagra's motion to dissolve the attachment, and by continuing to name Enagra in multiple proceedings around the country when it knew it had no reasonable basis or evidence upon which to base its allegations.

23. By and through these acts, RCC sought/seeks to harm Enagra's business reputation and standing in the fuel trade, to embarrass and harass Enagra, and to prevent Enagra from conducting business or through the imminent potential for that harm, to coerce Enagra into paying monies to RCC that it was neither legally nor factually required to pay.

24. RCC's conduct as described herein constitutes abuse of process, and has wrongfully and unjustifiably harmed Enagra. Contrary to RCC's claims and representations to the Court, the *ex parte* writ of attachment RCC improperly sought and obtained did not preserve the status quo, rather it prevented Enagra from carrying out its obligations and duties to third parties and resulted in the loss of business and good will to Enagra. The damages caused to Enagra exceed the minimum jurisdiction of this Court.

**THIRD CLAIM**

**(Violation of Lanham Act)**

25. Enagra incorporates Paragraphs 1 through 24 of its counterclaims as if fully set forth herein.

26. RCC's conduct as described herein constitutes false, misleading, unfair and deceptive trade practices intended to harm, and which have caused ascertainable harm to Enagra, and to disparage its products and services in the market in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

27. RCC's statements are material, in that it was and is likely to influence members of this industry and their business decisions. Enagra is informed and believes and on that basis alleges that RCC's statements have influenced and continue to influence the business decisions of Enagra's customers, potential customers, and contacts, including the decisions whether to do business with Enagra.

28. Enagra is informed and believes and on that basis alleges that RCC's statements entered interstate commerce and have caused and continue to cause irreparable injury to Enagra, including the loss of at least two deals.

29. Enagra is informed and believes and on that basis alleges that it has incurred and will continue to incur actual damages proximately caused by RCC's false advertising campaign in an amount to be proven at trial. These damages include, but are not limited to, costs associated with correcting misconceptions in the marketplace caused by RCC's false and misleading statements.

30. On information and belief, the actions of RCC were willful, and this is an exceptional case justifying an award of reasonable attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Enagra prays for relief as follows:

a) That RCC take nothing by its Complaint;

b) That the Complaint, and each count set forth therein against Enagra, be dismissed with prejudice;

c) For a declaration that Enagra is not a party to the underlying contract between NBF and RCC and has no liability to RCC relating to the fuel Enagra purchased from NBF;

d) That Enagra be awarded the following:

    i. exemplary damages, treble damages and/or punitive damages, as appropriate;

    ii. Enagra's actual losses suffered as a direct and proximate result of RCC's abuse of process, including the loss of good will;

    iii. Enagra's costs of correcting misconceptions in the marketplace caused by RCC's false and misleading statements;

    iv. All money, property or other benefits received or to be received, directly or indirectly, by RCC as a result of its wrongful conduct;

    v. Other appropriate relief pursuant to the Lanham Act, including relief allowed by 15 U.S.C. Section 1117(a);

    vi. Enagra's reasonable costs of suit, attorneys' fees incurred herein, and prejudgment interest;

e) That Enagra receive an award of such other and further relief as the Court deems just and proper.

Dated: June 8, 2007

PILLSBURY WINTHROP SHAW PITTMAN LLP

By /s/ Dianne L. Sweeney
Dianne L. Sweeney
Attorneys for Defendant and Cross-Complainant
ENAGRA INC.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Enagra hereby demands a trial by jury for all issues which are so triable.

Dated: June 8, 2007

PILLSBURY WINTHROP SHAW PITTMAN LLP

By /s/ Dianne L. Sweeney
Dianne L. Sweeney
Attorneys for Defendant and Cross-Complainant
ENAGRA INC.